Next is number 22-614, an act in support of v. Garcia. We'll wait for counsel to come to the front of the room. Please go wait for the door to close. Okay, Mr. Robbin. Thank you. May it please the court, Avram Robbin for Walter Garcia, defendant appellant. The issue here boils down to what constitutes a decision sufficient for this court to review in a denial of a motion for sentence reduction. My argument is that the 60-word paragraph at the bottom of the one-page March 8, 2022 order appealed from here does not give this court sufficient information for a meaningful review. And in fact, that 60-word paragraph contradicts the earlier 2020 order that the new order relies on. Can I ask a predicate question? So was the motion here based on 3582C1A or 3582C2? The government makes much in its argument, in its brief, of deficiencies in Mr. Garcia's pro se motion, one of which you just cited. He incorrectly, Mr. Garcia, cites as 3582C2, the wrong subsection. So you're saying that the motion was intended to be filed under 3582C1A? Yes. So the district court did not make a mistake in treating it as a C1A motion. Mr. Garcia made a mistake in citing the wrong provision when he filed it. Correct. But didn't the motion say that there had been a change in the guidelines? I'm sorry? Didn't the motion talk about grounds that would be available under C2? Is that not right? It does. Mr. Garcia advances again a United States Sentencing Guideline Amendment 782 argument that he advanced back in 2015 on a 35- But you're not pursuing a C2 argument now on appeal. No. You're saying we should treat it as a C1A motion. And yes, I am. And I'm citing to C1A case law on what is a sufficient decision. And my argument here- So the district court in this case said, I've considered this kind of motion recently, and he doesn't identify any facts that would have changed or revised my judgment. And so I deny the motion. Why is that sufficient? That's not sufficient because it ignores that there were new facts and changed circumstances. There were 15 additional months of COVID lockdown. And in the first decision, the district court specifically weighed in on those factors and said that Mr. Garcia, because of his advanced age and considerable obesity, faced a heightened risk of serious illness or even death if he contracted the coronavirus. The district court also cited in 2020 heightened restrictions making the conditions of confinement harsher, both physically and psychologically, than they would normally be. So your argument is that the district court's treatment here was not enough for us to conduct a meaningful review because he doesn't give his reasons. But let's say I disagree. Let's say I read the – what he says as saying there's nothing meaningful that's changed since the last motion. I don't think it makes a difference, and therefore I rely on the reasons I did in my last determination. What – so I understand you're saying he got older. There was more lockdown. What about that justified reconsideration of the earlier order? It's a new fact. It is a changed circumstance. It's not that – So you're just saying that the district court had to consider it separately and specifically, but you're not telling me it necessarily required a sentence reduction. I am not. I am not arguing here that you reversed this decision. I am arguing that you remanded for further more detailed findings in keeping with the earlier decision that it relies on. I mean, is there a limit to this? I mean, can a defendant just keep filing these motions because he gets older every time the district court is required to make findings about whether his advanced age has made a difference? No, I think that would not be a good situation where defendants are constantly reapplying and whittling away at their sentence. As the government points out in their brief, they cite a case that uses that phrase, whittling away. But there's more going on here. There's an individual who's at heightened risk. There's an additional 15 months of COVID lockdown and COVID infections. So it's not that the district court always has to consider new developments since the last time. It's just you're saying here the facts were compelling enough that it required the district court to say more. That's what I'm saying. I'm saying the facts have changed and the district court should at least acknowledge that. The district court did reduce the sentence based on COVID and other factors, right? In 2020. In 2020? Yes. If he says at the next motion, I think I've adequately addressed these considerations. Can you tell me something about the developments between the two motions? That means it would not be, you could not simply say I've sufficiently addressed these considerations in the 2020 motion. I'm sorry. Could I have that question again? Is there something about developments between the two motions that means that the earlier consideration wasn't adequate? Yes. There's the additional 15 months of lockdown conditions. And there's Mr. Garcia's advancing age. Now he's not 70, he's 72. So these factors have to at least be acknowledged. They may not be sufficient in the district court's view, and I understand the district court's discretion here, and that this court won't ordinarily overturn that, and I'm not asking for that. I'm just asking for at least a recognition of the changed circumstances and the additional facts. And I think the district court ignores them, in fact contradicts the earlier finding. I'm also asking you in support here of my argument to consider the additional deference that a pro se litigant is entitled to. And the case on that, excuse me just one second. You know, I'm sorry. Pro se motions should be liberally construed. And I think, for example, as you pointed out, that Mr. Garcia miscites the statute and makes an argument that's already been struck down are reasons why his arguments, his motion should really be liberally construed. I'll further add in support of my argument here that the 2015 motion was two and a half pages. That was the first 3582 motion. The 2020 motion was ten pages. The United States v. Halvon case that both parties referred to was one and a half single spaced pages of densely worded argument and discussion from Judge Kaplan. And even the text order in Robinson, which the government also cites to, was 180 words. So 60 words, it just says there's nothing new here. Saying good-bye is not enough and doesn't give you enough to make a fair review on. Okay, thank you very much, Mr. Robin. I think it's time for a rebuttal. But let's turn to the government, Ms. Kudlow. Your Honors, may it please the Court, Danielle Kudlow on behalf of the government. The district court did not abuse its discretion when it denied the defendant's third sentencing reduction motion. And as a threshold matter to Your Honor's point, the defendant's motion argued for the sentencing reduction motion pursuant to Section 3582C2 based on the Amendment 782 reduction. The district court correctly directed the defendant to the 2015 order, which articulated in written detail why he was not eligible for that. But construing the defendant's motion broadly as a compassionate release motion, which the record as a whole indicates that Judge Rakoff did, it was certainly within the district court's discretion to deny that motion for precisely the reasons Judge Rakoff cited. There were no new facts. There were no new legal arguments that warranted a change in circumstances from the December 20th- Were there some new facts? He was older. The lockdown had carried on for a longer amount of time. Why should the district court have to address those facts? Your Honor, I think the precedent by the Supreme Court in Chavez Meza and in this circuit indicate that it's taken a look at the record as a whole and to make sure that this court is confident that the sentencing judge had considered the party's arguments and had a reason basis for that decision. Here, the record as a whole certainly suggests that Judge Rakoff considered the defendant's age both in 2012 at the time of the original sentencing and in December 2020 when he heard briefing, oral argument, and issued the 10-page written decision. And in both, he noted that he took into consideration the defendant's age seriously and in that the conditions posed by COVID and the pandemic. The defendant's age and that he would continue to age each year is not a new fact in 2022. And also, at the time that the December 2020 order was drafted by Judge Rakoff, he was certainly well aware that the pandemic was ongoing. It was within Judge Rakoff's discretion in 2022. A judge who was intimately familiar as the trial judge, the sentencing judge, and the judge for all three motions to look at the record and find that there were no new facts or arguments that had a change in circumstances and deny that motion. I think, Your Honors, the length or as the Supreme Court said, specifically in Chavez Meza, the length of brevity of the district court's decision will be left to his or her professional judgment. As long as the record as a whole allows this court to be confident that the party's arguments had been considered and that there was a reasoned basis for the district court's decision. And that's exactly what this record as a whole demonstrates from Judge Rakoff from trial to sentencing and on three separate reduction motions. So, Your Honors, unless there are any additional questions from the court. In the earlier motion, he does reduce the sentence because he says the COVID pandemic was unexpected and so on. So, if we're curious what he would have thought about the pandemic dragging on for a longer amount of time and about Mr. Garcia's condition perhaps deteriorating because he keeps getting older and is confined. He doesn't make, Judge Rakoff doesn't say anything about those developments between the two motions, right? He does not, Your Honor, but it's certainly within his discretion to draft the order as he did. As we've seen in Kite and in Havlon and also in Robinson, this circuit has considered where judges who are intimately familiar with the record and the facts have issued text orders or short orders that deny it. And what we see in Havlon.  And unless Mr. Garcia can point out something compelling that would require reconsideration. That's correct, Your Honor. And in Havlon, that's exactly what this court has found is cited the fact that we will assume that the district court has considered all 3553A factors unless the record demonstrates otherwise. And here the record certainly does not. Judge Rakoff has taken consideration of all the parties' arguments in Wade, age, the pandemic, also the seriousness of this gunpoint robbery, kidnapping that had gone awry. He had considered all of those factors when making each decision. Unless there are any additional questions, we would rest on our submission. Okay, thank you very much, Your Honor. Ms. Kudlow, we'll turn back to Mr. Robinson. Thank you. Just to clear up my earlier stumbling, the site McLeod versus Jewish Guild for the Blind that holds that pro se motions should be construed liberally and read to raise the strongest arguments they suggest. How did the district court not do that in this case? I think the district court does not because, as the government suggests, we should be looking at the record as a whole, and that's the case law. And where the record here in this case specifically relies on the 2022 motion that goes on for three pages about pandemic conditions and then ignores that, the importance of that 15 months later, it is not clear to your point that the district court had a crystal ball and saw another 15 months of pandemic coming. That's not clear at all. None of us saw that. So I'm saying the district court should have at least considered that or, as they say, tipped its hat to that fact. I'm not suggesting that there's a minimum number of words required here. So if, in fact, the order had said, you know, he's 15 months older and the pandemic has continued for another 15 months, but I don't think that meaningfully changes the analysis from my earlier order, that would be insufficient? Yes. Doesn't our precedent say that that's essentially how we should understand this order, that we assume the district court has considered everything in the record before him No, because the order says that there are no new circumstances or changes. So if it said no material circumstances or changes, that would be okay, but he seems to believe that there are no new circumstances. It says there is no, it says specifically, I quote, Mr. Garcia does not raise in his recent motion either any new information or any additional arguments that would change the court's analysis. Right, so he says there aren't any new information or additional arguments that would change the court's analysis as set out in its December 8, 2020 order. So he's saying that there's nothing new that requires me to reconsider the analysis before. Right? That's what he says. I mean, are you not actually suggesting that Judge Rakoff did not realize that the pandemic had continued for another 15 months, or that Mr. Garcia would be 15 months older? I'm not suggesting that. But what I am suggesting is that he should have included a couple of sentences that refer to that to cover that so that we wouldn't be here today. Okay, I think we have that argument. Thank you very much. Thank you. Mr. Robin, the case is submitted.